NO. 07-08-0424-CR, 07-08-0477-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2009
_____

FRANKLIN ELOY MADRID, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,127-C, 55,427-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Franklin Eloy Madrid, appeals from a judgment convicting him of possession of a controlled substance (methamphetamine) with intent to deliver and a second judgment convicting him of possession of a controlled substance (heroin). Appellant further appeals the resulting sentences of 28 years incarceration and $8,000 fine and seven years incarceration and $7,000 fine. We affirm the judgments.

Background

On January 13, 2007, law enforcement officers executed a "no knock" search warrant at 4425 Buck Street in Potter County. Upon entering the residence, the officers encountered appellant, an adult female, and an 11 year old child. Each of the adult occupants was restrained and all of the occupants were brought into the living room of the residence. Officer Chris Walters of the Potter County Sheriff's Department then read the statutory warnings enumerated in Texas Code of Criminal Procedure article 38.22, section 2(a),[1] to appellant. Appellant verbally acknowledged that he understood the statutory warnings that had been read to him. However, Walters did not ask appellant if he wished to waive his rights and the statutory rights form was not signed by appellant because he was handcuffed. Immediately after reading the statutory rights and confirming that appellant understood those rights, Walters asked appellant if he would talk to Walters. Walters then explained to appellant why the police were there and asked him if there was any contraband in the residence. Appellant stated that there was a narcotics pipe in the residence, but that the pipe was not appellant's. After making this statement to Walters, appellant invoked his right to counsel and Walters terminated his questioning of appellant. After appellant invoked his right to counsel, Officer Mays asked appellant about a safe that was found in the residence. Mays asked appellant if he wanted to give Mays the combination to the safe or if Mays should make a forced entry into the safe. Appellant gave Mays the combination to the safe, which was used to open the safe. Inside the safe,

_____

[1] Further reference to the warnings of rights found in Texas Code of Criminal Procedure article 38.22, section 2(a), will be by reference to "statutory rights."

2

Mays found over 16 grams of methamphetamine, $9,006 in cash, and certain documents that linked appellant to the items found in the safe. As a result of the discovery of the contraband, appellant was placed under arrest. When appellant was booked into the Potter County Correctional Center, 2.15 grams of heroin was found in the watch pocket of his pants.

Prior to the trial of the two charges asserted against appellant, appellant filed a motion to suppress all evidence obtained during the search of appellant's residence on the basis that there was insufficient probable cause for the issuance of the search warrant and, specifically, for the warrant to authorize a no knock entry. After a hearing on the motion, the trial court denied the same.[2] During the trial, the State offered testimony and evidence obtained during the search of appellant's residence. Appellant timely objected to this evidence on three separate grounds. First, appellant objected to testimony from Walters concerning appellant's ownership or control of the residence as well as the presence of a drug pipe in the residence because such statements were the result of custodial interrogation and appellant never affirmatively and voluntarily waived his statutory rights after they were read to him. Second, appellant objected to testimony that he gave the combination to the safe to Mays because appellant's statement was the result of custodial interrogation after appellant had invoked his right to counsel. Finally, appellant objected to the physical evidence obtained from the safe on the basis that the evidence was obtained as a direct result of Mays's custodial interrogation after appellant had invoked his

[2] Appellant does not challenge the trial court's pre-trial ruling on the motion to suppress by this appeal.

3

right to counsel and, thus, was barred by "the fruit of the poisonous tree" doctrine. The trial court sustained appellant's objection to statements made by appellant after he had invoked his right to counsel, but overruled appellant's other objections. After the case was submitted to the jury, the jury returned a verdict finding appellant guilty of both the possession with intent to deliver charge as well as the possession charge. After a brief punishment hearing, the trial court sentenced appellant as indicated above.

By two issues, appellant appeals the admission of evidence during the guilt-innocence portion of appellant's trial. Appellant's first issue contends that the trial court erred in admitting testimony from Walters that appellant stated that he owned or controlled the residence and that there was a drug pipe in the residence because the State failed to show an affirmative and voluntary waiver of appellant's statutory rights. Appellant's second issue contends that the trial court erred in admitting the contents of the safe because such evidence was obtained as a result of Mays's illegal custodial interrogation. We affirm the judgment of the trial court.

Standard of Review

As each of appellant's issues relate to the trial court's admission of evidence, the abuse of discretion standard applies to both issues. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). A reviewing court applying the abuse of discretion standard should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102. If the trial judge's decision is correct on any theory of law

4

applicable to the case, the decision will be sustained.  See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

Issue One - Appellant's Waiver of Statutory Rights

Appellant's first issue contends that appellant's statements relating to his ownership of the residence and the presence of a drug pipe in the residence were the result of custodial interrogation without an affirmative and voluntary waiver by appellant of his statutory rights.  It is undisputed that appellant was in custody when Walters asked appellant about his ownership and control of the premises and whether there was any contraband in the residence.  Additionally, the evidence is undisputed that appellant was read the statutory rights found in Texas Code of Criminal Procedure article 38.22, section 2(a), and that he expressly stated that he understood those rights.  Appellant's first issue solely relates to whether appellant affirmatively and voluntarily waived his statutory rights before making the challenged statements.  The State responds to appellant's first issue by contending that appellant waived his statutory rights because he was read an affirmation that stated that "I further agree that any statement which I now make is made of my own free will after I knowingly, intelligently and voluntarily waive the above rights" and, thereafter, responded to Walters's interrogation.

A waiver of rights may be inferred from the actions and words of the person interrogated.  Hargrove v. State, 162 S.W.3d 313, 318 (Tex.App.–Fort Worth 2005, pet. ref'd).  The Texas Court of Criminal Appeals has stated that "we do not . . . interpret the oral confession statute to require an express verbal statement from an accused that he

5

waives his rights prior to giving the statement. In reaching the voluntariness of a confession, this Court looks at the totality of the circumstances." Barefield v. State, 784 S.W.2d 38, 40-41 (Tex.Crim.App. 1989), cert. denied, 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990). Further, "the Court of Criminal Appeals has approved the inference of a waiver from the totality of the circumstances in the situation where an oral confession contains a recitation of the art. 38.22 warnings and the defendant indicates he understands his rights and proceeds without hesitation to participate in the interview." State v. Oliver, 29 S.W.3d 190, 193 (Tex.App.–San Antonio 2000, pet. ref'd).

In the present case, the evidence establishes that appellant was read his statutory warnings, appellant affirmed that he understood his rights as read to him, appellant did not expressly waive those rights, and appellant immediately agreed to answer Walters's questions. Thus, considering the totality of the circumstances, we cannot say that the trial court abused its discretion in allowing the admission of the challenged statements concerning appellant's ownership and control of the residence and presence of a drug pipe. Because the trial court did not abuse its discretion in allowing the admission of this evidence, we overrule appellant's first issue.

Issue Two - Fruit of the Poisonous Tree

By appellant's second issue, appellant contends that the evidence that was discovered in the safe was obtained as a direct result of Mays's interrogation of appellant after appellant had invoked his right to counsel and, therefore, the trial court abused its discretion in allowing the evidence to be admitted. The State responds that the search of

the residence was conducted under the authority of a valid search warrant and, therefore, the discovery of the contents of the safe would have been obtained with or without appellant's provision of the combination of the safe.

The trial court properly excluded testimony that appellant gave the combination of the safe to Mays. Further, it is true that the evidence obtained from the safe was obtained by use of the combination that was acquired in violation of appellant's constitutional rights. As such, the evidence would ordinarily be required to be excluded. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). However, subsection (b) of article 38.23 provides that "It is an exception to the provisions of Subsection (a) . . . that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. ANN. art. 38.23(b). In the present case, there is no evidence that Mays was not acting in good faith reliance on the search warrant. The search warrant authorized the officers to search the residence for methamphetamine and necessarily covered all contents of the residence in which methamphetamine could be located, such as the safe. Further, while appellant filed a motion to suppress the evidence obtained from the safe on the basis that the warrant was not supported by sufficient probable cause, that motion was heard and overruled by the trial court. Appellant has not presented any issue relating to the validity of the warrant by this appeal. Thus, because the evidence obtained from the safe was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause, we conclude that the trial court did not abuse

its discretion in allowing the evidence obtained from the safe to be admitted. We overrule appellant's second issue.

Conclusion

Having overruled both of appellant's issues, we affirm the judgments of the trial court.

Mackey K. Hancock
Justice

Do not publish.

8